IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES A. SEMMENS,

    Plaintiff,

v.

CASE NO. 3:14-cv-1096
JUDGE HAYNES

CHARLES T. HAGEL,
SECRETARY OF UNITED STATES
DEPARTMENT OF DEFENSE,

    Defendant.

## PROPOSED CASE MANAGEMENT ORDER

I. **Jurisdiction and Venue:** No issue.

II. **Parties' Theories of the Case:**

    1. **Plaintiff's Theory of the Case:** Plaintiff James A. Semmens is a 10% disabled veteran (67 years of age at date of application) who had retired after 20 years experience working for the federal government. He had supervised three auditors as a GS-12, Supervisory Auditor (1988 to 1991). He decided to return to federal government employment. In the spring of 2012, he started applying to DCAA (Defense Contract Audit Agency - part of Department of Defense). He was offered a GS-12 Auditor position in May 2012. He was told DCAA had his name on about 28 hiring certificates, and those could not be filled until Semmens was hired, because he was a 10% disabled veteran. He was given no option: a position at the Nashville office as a GS-12 Auditor. He had preference over non-veterans. Semmens accepted

1

the position. He was hired as a re-employed annuitant, with a 10% disabled veteran status. He was probationary for 12 months. He reported to work on June 4, 2012. New GS-12 level performance standards were announced on June 26, 2012. On July 9, 2012, Semmens received a Mid-Year Performance Discussion – fully favorable. He asked about his concern that his background was more compatible with a GS-9 position. He thereafter put in a written request for a GS-9 position on July 20, 2012. Semmens was supposed to go for Technical Indoctrination training from August 13, 2012 to August 24, 2012. But on August 7, 2012, Plaintiff learned he was being terminated that very day. He was given a Memorandum of Termination which contained false allegations of racial/sexual misconduct. He had had no verbal or written counselings, or write-ups. Semmens did not have sufficient opportunity to show he had the auditing skills to perform at the GS-12 level, and had not been trained.

On August 7, 2012, an HR person told Semmens he had to submit a resignation or else the termination would become effective, which would have been an internal DCAA Adverse Action. He felt he had no choice but to resign.

Semmens was denied training, and never given a reasonable opportunity to succeed.

The Agency discriminated against Semmens on account of his disability, age and gender. Semmens was forced to resign. It was a constructive discharge. He was replaced by persons significantly younger, who had no disability or veteran status, and who were female. He has amended his original formal Complaint to include reprisal, for a non-selection as a result of his protected activities.

2

Case 3:14-cv-01096   Document 13   Filed 09/05/14   Page 2 of 6 PageID #: 39

2.  **Defendant's Theory of the Case:** Defendant denies that it discriminated against Plaintiff on account of any alleged disability, age, gender or in any manner. Further, Plaintiff cannot establish a prima facia case of any discrimination by retaliation or other pursuant to Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. All actions taken by Defendant, with respect to Plaintiff, were based on legitimate, nondiscriminatory reasons and were not pretextual. Plaintiff's claims that he was terminated based on discrimination and retaliation are simply without any merit.

III. **Schedule of Pretrial Proceedings:**

A.  **Rule 26(a)(1) Disclosure:** The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within 30 days from the date of the initial pretrial management conference.

B.  **Meeting of Counsel and Parties to Discuss Settlement Prospects:**

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures

3

under the Local Rules would further assist the parties in resolving this matter.

C. **Other Pretrial Discovery Matters:**

As determined at the case management conference on **Monday, September 8, 2014**, this action is set for a jury trial on ~~Tuesday December 15,~~ *Tuesday December 15* / *January 13, 2016 at 9:00 a.m.*. *Final Pretrial Conference December 21, 2015 at 3:00 p.m.* If this action is to be settled, the Law Clerk shall be notified by noon, *1/8/16*. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

All discovery shall be completed by the close of business on **May 29, 2015**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **May 29, 2015**. All discovery related statements shall be filed by the close of business on **May 29, 2015**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of records shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **July 29, 2015**, and any response thereto shall be filed by the close of business on **August 28, 2015**. Any reply shall be filed by the close of business on **September 10, 2015**.

Any motion to amend the pleadings or join parties shall be filed in sufficient

---

1 No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

4

time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and request for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Sub-parts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **March 31, 2015**, the Plaintiff shall declare to the Defendants (<u>not</u> to file with the Court) the identify of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **April 30, 2015**, the Defendants shall declare to the Plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **May 29, 2015**.

There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert.

If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this the 8th day of September, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge

6

Case 3:14-cv-01096  Document 13  Filed 09/05/14  Page 6 of 6 PageID #: 43